Herbert Gustavus Sowe
324 Fox Lair Drive
Reisterstown, MD 21136-6211

Plaintiff in *pro per*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| HERBERT GUSTAVUS SOWE,<br>Plaintiff,<br>vs.<br>NAVY FEDERAL CREDIT UNION,<br>Defendant(s) | Case No.: - SAG 23CV 3281<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

NOW COMES Herbert Gustavus Sowe, Plaintiff, and files this Complaint against Navy Federal Credit Union, Defendant, and for cause would show this Honorable Court as follows:

## A. PARTIES

1. Herbert Gustavus Sowe, the plaintiff in this legal matter, is an individual of sound mind and legal capacity. Residing at 324 Fox Lair Drive, Reisterstown, MD 21136-6211, Mr. Sowe is an esteemed customer of Navy Federal Credit Union, a federally chartered credit union providing banking services to members of the U.S. military and their families. Mr. Sowe maintains a checking account with the defendant, utilizing it for both personal and business transactions.

---

PLAINTIFF'S ORIGINAL COMPLAINT - 1

2. Mr. Sowe, a diligent and law-abiding citizen, initiated legal action due to the alleged denial of access to his funds and information by Navy Federal Credit Union. He is seeking redress for the financial harm, emotional distress, and inconvenience he has endured as a consequence of the defendant's actions and inactions.

3. Navy Federal Credit Union, the defendant in this case, is a federally chartered credit union situated at 820 Follin Lane Vienna, Virginia. As an institution catering to the banking needs of U.S. military members and their families, Navy Federal Credit Union operates under federal regulations and is entrusted with the fiduciary duty to provide reliable and transparent banking services.

4. The defendant, known for its commitment to serving the military community, is alleged to have breached this fiduciary duty by not responding to the legitimate demands presented by Mr. Sowe. The plaintiff asserts that the bank unreasonably denied or limited his access to funds without justification, leading to financial hardship and emotional distress.

### B. JURISDICTION AND VENUE

5. This court possesses subject matter jurisdiction over the present matter as it involves federal questions arising under the Constitution and laws of the United States. The causes of action raised by the plaintiff, Herbert Gustavus Sowe, allege violations of the Sunshine Act (5 U.S.C. § 552), the Freedom of Information Act (5 U.S.C. § 552), and the Fourth Amendment of the U.S. Constitution.

6. Additionally, the plaintiff asserts a breach of contract and breach of fiduciary duty, both of which involve federal statutes and constitutional principles. Therefore, this court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. The venue is proper in this district under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred within this judicial district. The plaintiff, Herbert Gustavus Sowe, resides in Reisterstown, MD, which falls within the jurisdiction of this district.

8. Furthermore, the defendant, Navy Federal Credit Union, operates and conducts business within this district. The denial of access to the plaintiff's funds, breach of contract, breach of fiduciary duty, and violations of federal laws occurred within the territorial boundaries of this district. Therefore, the venue is proper in this district.

## C. **STATEMENT OF FACTS**

9. The plaintiff, Herbert Gustavus Sowe, is a customer of the defendant, Navy Federal Credit Union, a federally chartered credit union that provides banking services to members of the U.S. military and their families. The plaintiff has a checking account with the defendant, which he uses for his personal and business transactions.

10. On or about September 16, 2023, the plaintiff sent a letter to the defendant, entitled "Cease the Denied Access to Affiant Herbert Gustavus Sowe Deposits and Provide Information and Records in Accordance with Sunshine Act 5 USC Section 552 Freedom of Information Act".

11. The letter was an affidavit, sworn and notarized by the plaintiff, in which he asserted his right to access his funds and information in his checking account, and demanded that the defendant stop withholding or restricting his access to his account.

12. The letter also requested that the defendant provide the plaintiff with copies of any records, documents, policies, or procedures that relate to his account, as well as the names and titles of any persons who have authority over his account.

13. The letter stated that the defendant had violated the plaintiff's rights under the Sunshine Act, the Freedom of Information Act, and the 4th Amendment of the U.S. Constitution. A copy of the letter is attached as Exhibit A.

14. The defendant received the letter on or about September 18, 2023 at 0856 – Hours, as evidenced by the certified mail receipt number 7022-0410-0000-9702-0732. However, the defendant did not respond to the letter or comply with the plaintiff's demands. Instead, the defendant continued to deny or limit the plaintiff's access to his funds and information in his checking account, without providing any explanation or justification.

15. The defendant also failed to provide the plaintiff with any records, documents, policies, or procedures that relate to his account, or the names and titles of any persons who have authority over his account.

16. On or about September 21, 2023 at 1631 – Hours, the plaintiff received a 1 – Minute and 5 – Seconds phone call from an associate of the defendant, who said that she was calling to address the plaintiff's issue with his checking account, and that she would call him back later. However, she did not call him back, nor did she provide any resolution or relief to the plaintiff.

17. As a result of the defendant's actions and inactions, the plaintiff has suffered and continues to suffer financial harm, emotional distress, and inconvenience. The plaintiff has been unable to access his funds and information in his checking account, which he needs for his personal and business expenses.

18. The plaintiff has also been unable to obtain any explanation or justification for the defendant's conduct, or any recourse or remedy from the defendant. The plaintiff has been left in the dark

and in the lurch by the defendant, who has breached its fiduciary duty and contractual obligations to the plaintiff, and violated the plaintiff's statutory and constitutional rights.

### D. CAUSES OF ACTION

#### First Cause of Action: Breach of Contract

19. This cause of action arises from the contractual relationship between the plaintiff, Herbert Gustavus Sowe, and the defendant, Navy Federal Credit Union. The plaintiff contends that Navy Federal Credit Union has breached its contractual obligations by failing to provide the agreed-upon banking services, specifically denying the plaintiff access to his funds and neglecting to respond to legitimate inquiries.

20. Navy Federal Credit Union has breached its contractual obligations by denying the plaintiff access to his funds without proper justification. The plaintiff's checking account is a fundamental component of the contractual relationship, and any denial of access represents a direct violation of the agreement.

21. The defendant has failed to fulfill its contractual duty to respond to the plaintiff's legitimate demands.

22. On or about September 16, 2023, the plaintiff sent a notarized letter to Navy Federal Credit Union, outlining his concerns and demanding the cessation of unwarranted restrictions on his account. Despite the certified mail receipt confirming the bank's receipt of the letter, there has been no response from the defendant.

23. The breach of contract by Navy Federal Credit Union has resulted in severe consequences for the plaintiff, both financially and emotionally.

24. The denial of access to the plaintiff's funds has inflicted significant financial harm. The plaintiff, reliant on his checking account for personal and business transactions, has been unable to meet essential expenses, leading to financial distress and hardship.

25. The defendant's failure to respond to the plaintiff's concerns and the ongoing denial of access to funds have caused the plaintiff considerable emotional distress. The uncertainty surrounding the status of his account and the lack of communication from the bank have added to the emotional toll on the plaintiff.

26. The account agreement, a binding contract between the plaintiff and Navy Federal Credit Union, explicitly outlines the terms and conditions governing the use of the checking account. The denial of access to funds and failure to respond directly contravene the provisions of this agreement.

27. Every contract includes an implied covenant of good faith and fair dealing. The defendant's actions, by arbitrarily denying access to the plaintiff's funds and failing to respond to legitimate concerns, violate this fundamental principle inherent in every contractual relationship.

### Second Cause of Action: Breach of Fiduciary Duty

28. The relationship between a financial institution and its account holders is one grounded in trust and reliance, embodying a fiduciary duty on the part of the institution to act in the best interests of its customers.

29. This cause of action asserts that Navy Federal Credit Union, the defendant in this matter, has breached its fiduciary duty owed to the plaintiff, Herbert Gustavus Sowe, by failing to respond to

legitimate demands, denying access to funds without justification, and disregarding the fundamental trust bestowed upon it by the plaintiff.

30. A fiduciary duty is the highest standard of care, requiring undivided loyalty, good faith, and utmost honesty from one party to another. In the context of banking relationships, this duty is particularly crucial.

31. When an individual entrusts a bank with their financial affairs, a fiduciary relationship is established. The bank is obligated to act in the best interests of its customers, ensuring the safekeeping and responsible management of their funds.

32. On or about September 16, 2023, the plaintiff submitted a notarized letter to Navy Federal Credit Union, titled "Cease the Denied Access to Affiant Herbert Gustavus Sowe Deposits and Provide Information and Records in Accordance with Sunshine Act 5 USC Section 552 Freedom of Information Act."

33. This letter detailed the plaintiff's legitimate concerns, asserting his right to access funds and information held in his checking account. Despite the defendant's acknowledgment of receipt, evidenced by the certified mail receipt, Navy Federal Credit Union failed to respond to the plaintiff's demands.

34. The lack of response demonstrates a disregard for the duty owed to the plaintiff. A fiduciary relationship demands transparency and responsiveness. By failing to address the concerns raised in the plaintiff's letter, Navy Federal Credit Union breached its duty to act in the plaintiff's best interests.

35. In addition to the failure to respond, Navy Federal Credit Union continued to deny or limit the plaintiff's access to his funds without providing any explanation or justification. A fiduciary is

obligated to provide clear and reasonable explanations for actions affecting the financial interests of the beneficiary.

36. The defendant's unwarranted denial of access to funds not only violates this obligation but also inflicts financial harm and distress upon the plaintiff.

37. The fiduciary duty owed by Navy Federal Credit Union encompasses a duty to safeguard the plaintiff's financial well-being. The defendant's actions, by denying access to funds without cause and neglecting the plaintiff's legitimate requests, demonstrate a failure to act in the plaintiff's best interests. This neglect has resulted in the plaintiff's inability to meet personal and business expenses, further exacerbating the financial harm caused by the defendant's breach of fiduciary duty.

38. In conclusion, Navy Federal Credit Union, by failing to respond to legitimate demands, denying access to funds without justification, and neglecting the plaintiff's financial well-being, has breached its fiduciary duty owed to Herbert Gustavus Sowe. This cause of action is rooted in the fundamental principles of trust and accountability that underpin the relationship between a bank and its customer.

39. The plaintiff seeks redress for the financial harm, emotional distress, and inconvenience suffered as a result of the defendant's breach of fiduciary duty. The court is urged to consider the established legal precedent and authority that underscore the significance of the fiduciary relationship in banking and to render a judgment that restores the trust and integrity of this relationship.

## Third Cause of Action: Violation of the 4th Amendment of the U.S. Constitution

40. The Fourth Amendment of the United States Constitution is a cornerstone of individual privacy and protection against unreasonable searches and seizures. In the case at hand, Navy Federal Credit Union's actions, as detailed in the plaintiff's affidavit, represent a direct violation of the Fourth Amendment.

41. On or about September 16, 2023, Herbert Gustavus Sowe, the plaintiff, sent a notarized letter to Navy Federal Credit, titled "Cease the Denied Access to Affiant Herbert Gustavus Sowe Deposits and Provide Information and Records in Accordance with Sunshine Act 5 USC Section 552 Freedom of Information Act." This letter, submitted as Exhibit A, highlighted the plaintiff's right to access his funds and information held in his checking account. It demanded the bank cease withholding or restricting access, and it alleged violations of the Sunshine Act, Freedom of Information Act, and the Fourth Amendment of the U.S. Constitution.

42. Despite receiving the letter, as confirmed by a certified mail receipt dated September 18, 2023 at 0856 – Hours, Navy Federal Credit Union failed to respond or provide any justification for denying or limiting the plaintiff's access to his funds. This ongoing denial of access without proper explanation constitutes an unreasonable seizure under the Fourth Amendment.

43. The Fourth Amendment to the U.S. Constitution protects individuals from unreasonable searches and seizures and requires that warrants be supported by probable cause. While traditionally associated with government actions, the Fourth Amendment also applies to private entities when they act as agents or instrumentalities of the government.

44. In this case, Navy Federal Credit Union, as a federally chartered institution, holds a unique position closely tied to the U.S. government's financial system and serves military members and their families. As such, the actions of the bank must be scrutinized through the lens of the Fourth

Amendment, particularly when it involves denying a customer access to their funds without proper justification.

45. The plaintiff's checking account funds are his property, and any denial of access to these funds by the bank constitutes a seizure. The ongoing denial, as outlined in the plaintiff's affidavit, is unreasonable as it lacks proper justification or explanation. This denial has led to significant financial harm, emotional distress, and inconvenience for the plaintiff, exacerbating the unreasonableness of the seizure.

46. The Fourth Amendment requires that seizures be supported by probable cause or, in specific situations, by a warrant. In this case, Navy Federal Credit Union has failed to provide any justification for denying the plaintiff access to his funds. The lack of a valid reason for such denial raises serious constitutional concerns and indicates an arbitrary and unreasonable exercise of power.

47. Given Navy Federal Credit Union's status as a federally chartered credit union serving the military and their families, its actions can be considered as quasi-governmental. When a private entity assumes a role or function traditionally reserved for the government, it may be subject to constitutional limitations. In this instance, the bank's denial of access to the plaintiff's funds, without proper justification, aligns with the principles of an unreasonable seizure under the Fourth Amendment.

48. The Fourth Amendment is not only concerned with physical seizures but also safeguards an individual's privacy. Denying access to financial resources without proper justification infringes upon the plaintiff's privacy, as it restricts his ability to manage personal and business affairs. The constitutional protection against unreasonable seizures extends beyond physical possessions to encompass an individual's financial autonomy and privacy.

49. The plaintiff, Herbert Gustavus Sowe, respectfully requests the court to recognize and address this constitutional violation, providing appropriate relief to rectify the unreasonable seizure of his funds and the resulting harm. This cause of action asserts the fundamental importance of the Fourth Amendment in protecting individuals' privacy and property rights, even in the context of private financial institutions closely connected to the government.

**Fourth Cause of Action: Violation of the Freedom Of Information Act (5 U.S. Code 552)**

50. This cause of action arises from the Defendant, Navy Federal Credit Union's, violation of the Freedom of Information Act (FOIA), a federal statute designed to promote transparency and ensure public access to government records.

51. While traditionally applied to federal agencies, FOIA has been invoked in this case due to the defendant's status as a federally chartered credit union. The plaintiff, Herbert Gustavus Sowe, asserts that Navy Federal Credit Union's refusal to provide requested information related to his account constitutes a clear violation of the FOIA, impeding his right to access vital financial information.

52. FOIA prescribes a comprehensive framework outlining the procedures and obligations of federal agencies concerning the disclosure of records. Section 552(a)(3)(A) of FOIA mandates that each agency shall make available to the public, upon request, certain records that are "reasonably described" and not subject to one of the nine exemptions listed in Section 552(b).

53. In the present case, the plaintiff, Herbert Gustavus Sowe, submitted a notarized letter to Navy Federal Credit Union on or about September 16, 2023, explicitly invoking FOIA and requesting copies of records, documents, policies, or procedures related to his checking account.

54. This request falls squarely within the ambit of FOIA, as the plaintiff seeks information relevant to his financial relationship with the federally chartered credit union.

55. Despite the clear and unambiguous nature of the plaintiff's FOIA request, Navy Federal Credit Union has failed to comply with its statutory obligations under FOIA. The defendant received the FOIA request, as evidenced by the certified mail receipt dated September 18, 2023 at 0856 Hours, yet has not provided any of the requested records or offered a justifiable reason for withholding such information.

56. This failure to respond appropriately to a FOIA request is not only a breach of statutory duty but also hinders the transparency and accountability principles that underlie FOIA. The plaintiff's right to access information regarding his financial affairs, especially within the context of a federally chartered credit union, is crucial, and the defendant's non-compliance with FOIA exacerbates the harm suffered by the plaintiff.

57. The defendant's refusal to comply with the FOIA request has inflicted severe harm upon the plaintiff, Herbert Gustavus Sowe. By withholding records, documents, policies, or procedures related to the plaintiff's checking account, Navy Federal Credit Union has left the plaintiff in a state of financial uncertainty.

58. This lack of transparency has impeded the plaintiff's ability to understand the management of his financial resources and make informed decisions regarding his personal and business transactions.

59. Moreover, the defendant's non-compliance with FOIA has caused emotional distress to the plaintiff. The frustration and anxiety stemming from the denial of access to information about one's own financial affairs, especially in the absence of any explanation from the bank, are profound and detrimental to the plaintiff's overall well-being.

60. FOIA is not merely a permissive statute; it is a remedial one, designed to ensure that individuals can exercise their right to access information held by federal entities. The statute empowers courts to order the release of improperly withheld information, enjoining agencies from continuing their unlawful practices and imposing penalties for non-compliance.

61. Navy Federal Credit Union's refusal to comply with the plaintiff's FOIA request is not only a breach of statutory duty but also a hindrance to the principles of transparency and accountability that FOIA seeks to uphold. The plaintiff, Herbert Gustavus Sowe, seeks redress for the harm suffered as a result of the defendant's FOIA violations and respectfully requests the court's intervention to ensure the enforcement of his rights under this crucial federal statute.

### Fifth Cause of Action: Violation of the Sunshine Act (5 U.S.C. 552(b))

62. The plaintiff is a customer of Navy Federal Credit Union, a federally chartered credit union providing banking services to members of the U.S. military and their families.

63. On or about September 16, 2023, the plaintiff, exercising his rights under the Sunshine Act, sent a notarized letter to Navy Federal Credit Union. Titled "Cease the Denied Access to Affiant Herbert Gustavus Sowe Deposits and Provide Information and Records in Accordance with Sunshine Act 5 USC Section 552 Freedom of Information Act."

64. The letter sought to assert the plaintiff's right to access information related to his account and demanded the cessation of restrictions imposed by the defendant.

65. The Sunshine Act, codified at 5 USC Section 552, is a federal law aimed at promoting openness in government agency operations. The Act mandates that certain agency meetings and records be open to the public, subject to specific exemptions.

66. In this case, the plaintiff contends that Navy Federal Credit Union's refusal to provide information and records related to his account constitutes a violation of the Sunshine Act.

67. Under the Sunshine Act, any person has the right to access certain agency records and attend meetings unless they fall within the Act's exemptions.

68. The plaintiff, as a customer of Navy Federal Credit Union, sought to exercise this right by submitting a notarized letter requesting information related to his account. The defendant's failure to comply with this request raises concerns about the bank's adherence to the transparency requirements set forth by the Sunshine Act.

69. The applicability of the Sunshine Act to Navy Federal Credit Union hinges on the determination of whether the bank qualifies as a "federal agency" under the Act.

70. While Navy Federal Credit Union is a federally chartered credit union, questions may arise about whether it falls within the definition of a federal agency as outlined in the Sunshine Act. The court must carefully consider the nature of the relationship between Navy Federal Credit Union and the federal government to establish the bank's status under the Act.

71. The plaintiff's letter explicitly invoked the Sunshine Act and the Freedom of Information Act, seeking not only the cessation of denied access to his deposits but also the provision of information and records pertinent to his account. This request aligns with the spirit and letter of the Sunshine Act, which promotes public access to agency information.

72. Despite the plaintiff's clear invocation of federal transparency laws, Navy Federal Credit Union failed to respond to the plaintiff's letter or provide the requested information. The defendant's non-compliance raises serious concerns about the bank's commitment to transparency and adherence to the requirements of the Sunshine Act.

## E. PRAYER FOR RELIEF

REASONS WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests this Honorable Court to GRANT him the following reliefs:

i. A declaratory judgment confirming the defendant's breaches of fiduciary duty, contract, and statutory and constitutional rights;

ii. Immediate and unrestricted access to the plaintiff's funds held in the checking account;

iii. Prompt provision of copies of all records, documents, policies, or procedures related to the plaintiff's account;

iv. Compensatory damages for the financial harm, emotional distress, and inconvenience suffered by the plaintiff as a result of the defendant's actions and inactions;

v. Reasonable attorney's fees and costs incurred in prosecuting this action, as allowed by law; and

vi. Such other and further relief as the Court deems just and proper.

Dated this 4th day of December, 2023.

Respectfully Submitted,

*[signature]*

Herbert Gustavus Sowe,
324 Fox Lair Drive
Reisterstown, Maryland 21136-6222
Phone Number: - 443-381-9311
Email: - Boltondelta@gmail.com
Plaintiff in *pro per*