IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **HERBERT GUSTAVUS SOWE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NAVY FEDERAL CREDIT UNION** )<br>)<br>Defendant. )<br>) | Case No. 1:23-cv-3281-SAG |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Navy Federal Credit Union ("Navy Federal") hereby submits this Memorandum in support of its Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6).[1]

## BACKGROUND

Navy Federal is a private non-profit credit union chartered by the National Credit Union Association. *See* Dkt. 1, ¶ 3. *Pro se* Plaintiff is a member of Navy Federal who has established a checking account with the credit union. *Id.* ¶ 1. In his Complaint, Plaintiff asserts that Navy Federal has restricted his access to his checking account "without providing any explanation or justification." *See id.* ¶¶ 11, 14. Plaintiff has brought claims for:

1. Breach of Contract;
2. Breach of Fiduciary Duty;
3. Violation of 4th Amendment;

---

[1] The docket indicates that Plaintiff filed a "affidavit of service" indicating that he served Navy Federal through CSC on January 12, 2024. *See* Dkt. 6. CSC is not a registered agent of Navy Federal, and Navy Federal has not authorized CSC to accept service on its behalf. Navy Federal is only aware of the purported service from a review of the Court's docket. Nonetheless, in order to conserve judicial resources, Navy Federal addresses its motion to the substance of the Complaint rather than service.

1

4. Violation of the federal Freedom of Information Act (5 U.S.C.§ 552); and

5. Violation of the federal Sunshine Act (5 U.S.C. § 552b).[2]

As noted in the forthcoming Motion for Summary Judgment, Plaintiff's allegation that the restrictions to his checking account were unjustified or unexplained is inaccurate. However, even accepting the Complaint at face value, it is clear that Plaintiff cannot state claims for breach of fiduciary duty, violation of the 4th Amendment, violation of the Freedom of Information Act, or violation of the Sunshine Act.

## ARGUMENT

**A.    Plaintiff Cannot State a Claim for Breach of Fiduciary Duty.**

In Plaintiff's second cause of action, he asserts a common law claim against Navy Federal for breach of fiduciary duty. It is unclear whether Plaintiff intended to bring his claim under Maryland law (where Plaintiff resides) or under Virginia law (the law of Plaintiff's contract with Navy Federal). However, under either state's law, Navy Federal is not in a fiduciary relationship with Plaintiff.

"Under Maryland law, the relationship between a bank and its customer is contractual, not fiduciary, in nature, except under limited special circumstances." *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 591 (D. Md. 2016); *see also Legore v. OneWest Bank, FSB*, 898 F. Supp. 2d 912, 918 (D. Md. 2012) ("In Maryland, the relationship between a bank and a borrower is contractual, not fiduciary, in nature."). The only "special circumstances" recognized arise when

---

[2] Plaintiff correctly asserts there is subject matter jurisdiction based on the federal questions he has presented. *See* Complaint ¶¶ 5-6. However, there also appears to be diversity jurisdiction. *See id.*, ¶ 1 (Plaintiff resides in Maryland); *id.* at p. 15 of 15 (seeking declaratory judgment, injunctive relief, compensatory damages for financial and emotional harm, and attorney's fees); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 364 (4th Cir. 2020) ("We hold that Navy Federal is a citizen of Virginia"). Consequently, this Court would likely retain jurisdiction even if each of the federal claims were dismissed.

the customer is borrowing money from the financial institution — not when the customer is simply a depositor. *See id.*, FN. 16.[3] Because Plaintiff was a depositor, there is no fiduciary relationship with Navy Federal under Maryland law.

Similarly, under Virginia law, "[t]he relation between a bank and a depositor is that of debtor and creditor. The deposit creates an ordinary debt, not a privilege or right of a fiduciary character." *Deal's Adm'r v. Merchants & Mechanics Sav. Bank*, 120 Va. 297, 299 (1917); *see also Hughes v. Bank of Am.*, 2008 WL 857059, at *2 (W.D. Va. 2008). Therefore, Plaintiff cannot establish a fiduciary relationship under Virginia law either.

Consequently, Plaintiff's breach of fiduciary claim must be dismissed because there was no such relationship between the parties.

**B.     Plaintiff Cannot State a Constitutional Claim Against Navy Federal.**

Plaintiff's third cause of action is for violation of the Fourth Amendment of U.S. Constitution. Because the Constitution regulates the state and federal governments, claims can only be asserted against government action, not private action. *See, e.g., Nix,* 200 F. Supp. 3d at 588. Although federal credit unions have "the word 'federal' in its name, [they are] not part of the federal government." *Francis v. Ne. Cmty. Fed. Credit Union*, 2003 WL 22697267, at *1 (N.D. Cal. 2003); *see also Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006) ("A federal credit union—although perhaps misleading in use of the word "federal"—is not a government agency, but rather is a private corporation or association."). In fact, it is a judicially recognized fact that federal credit unions are private non-profit cooperative associations and not government actors.

---

[3] The four recognized scenarios where a fiduciary relationship might arise are when "the lender [bank] (1) took on any extra services on behalf of the borrowers other than furnishing money; (2) received a greater economic benefit from the transaction other than the normal mortgage; (3) exercised extensive control; or (4) was asked by the borrowers if there were any lien actions pending." *Nix*, 200 F. Supp. 3d at 591, FN 16 (citing *Windesheim v. Larocca*, 443 Md. 312, 116 A.3d 954 (2015)).

*See id.; Nix*, 200 F. Supp. 3d at 588; *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994). Consequently, a claim like Plaintiff's for a constitutional violation "necessarily fails" and must be dismissed with prejudice. *Nix*, 200 F. Supp. 3d at 588.

C. **Plaintiff Cannot State a Claim Under the Freedom of Information Act or Sunshine Act.**

Plaintiff's final two claims are for alleged violation of the Freedom of Information Act ("FOIA") (5 U.S.C. § 522) and Sunshine Act (5 U.S.C. § 522b). Both statutes only apply to "agencies." *See* 5 U.S.C §§ 522(a), 522b(b).

FOIA begins with the definition of agency as the following:

> "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . .

5 U.S.C. § 551(1). The term is further defined as:

> "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency;

5 U.S.C. § 552(f).

Again, because Navy Federal is a private cooperative association, and not part of the government, it is not an "agency" that is subject to FOIA. *See, e.g., Nix*, 200 F. Supp. 3d at 589 ("FOIA's definition of "agency" does not encompass federal credit unions."); *U.S. ex rel. Kwami v. Ragnow*, 2009 WL 6551430, at *2 (E.D. Va. 2009) ("Abdul–Bey's assertion of a remedy under 5 U.S.C. § 552 and his attempt to cast Chartway Federal Credit Union as a federal agency are untenable as federal credit unions are not federal agencies."); *Watson v. Neighbors Credit Union*, 2009 WL 161204, at *1 (E.D. Mo. 2009), *aff'd*, 351 F. App'x 150 (8th Cir. 2009). Consequently, Plaintiff's FOIA claim must be dismissed.

The Sunshine Act only applies to a FOIA agency that is "headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President [of the United States] with the advice and consent of the Senate."  5 U.S.C. § 552b(a)(1).  Because Navy Federal is neither an agency under FOIA nor does it have members appointed by the President, the Sunshine Act is inapplicable to it as well.

Consequently, Plaintiff's fourth and fifth causes of action under FOIA and the Sunshine Act must be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff's second, third, fourth and fifth causes of actions must be dismissed with prejudice.

Dated: February 2, 2024                                Respectfully submitted,

  /s/ Micah E. Ticatch
Edward Lee Isler, Md. Fed. Bar No. 22332
Micah E. Ticatch, Md. Fed. Bar No. 21208
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and serve a copy of the foregoing by first class mail upon the following:

> Herbert Gustavus Sowe
> 324 Fox Lair Drive
> Reisterstown, MD 21136-6211
>
> *Pro se Plaintiff*

> /s/ Micah E. Ticatch
> Micah E. Ticatch, Md. Fed. Bar No. 21208
> ISLER DARE, P.C.
> 1945 Old Gallows Road. Suite 650
> Vienna, Virginia 22182
> Phone: (703) 748-2690
> Facsimile: (703) 748-2695
> mticatch@islerdare.com
>
> *Counsel for Defendant Navy Federal Credit Union*