IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| HERBERT GUSTAVUS SOWE,<br>*Plaintiff*<br><br>vs.<br><br>NAVY FEDERAL CREDIT UNION,<br>*Defendant* | Case No. 1:23-cv-3281-SAG |

USDC- BALTIMORE
'24 FEB 26 PM3:07

**OPPOSITION TO DEFENDANT' MOTION TO DISMISS**

Plaintiff Herbert Gustavus Sowe (hereinafter "Plaintiff") *pro se*, files this Opposition to Defendant' Motion to Dismiss Plaintiff's Complaint. For the reasons set in the concurrently filed Memorandum in Support, Plaintiff requests that this Court deny the said Motion in its entirety.

Dated: 02/26/2024

*[signature]*

HERBERT GUSTAVUS SOWE
Plaintiff, pro se
324 Fox Lair Drive
Reisterstown, Maryland 21136-6222
Phone: - 443-381-9311
Email: - Boltondelta@gmail.com

HD
Rcv'd by: AR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| HERBERT GUSTAVUS SOWE, *Plaintiff* vs. NAVY FEDERAL CREDIT UNION, *Defendant* | Case No. 1:23-cv-3281-SAG |

## MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Herbert Gustavus Sowe ("Plaintiff") hereby files this Memorandum in Support of Opposition to Motion to Dismiss.

## ARGUMENT

### A. Standard of Review

When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." *Estate of Williams-Moore v. All. One Receivables Mgmt., Inc.*, 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

The question before the Court, therefore, is whether the Complaint, viewed in the light most favorable to Plaintiff and with all doubts resolved in his favor, states any valid claim for

relief. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).

## B. Plaintiff has alleged plausible claims against all Defendant

While detailed factual allegations are unnecessary, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *See BellAtl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-36 (3d ed. 2004)). "The court must take all of the pleaded factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In all causes of action, Plaintiff asserts that he has sufficiently pleaded facts that raise plausible claims against the Defendant.

### a. Plaintiff has stated a valid claim for breach of fiduciary duty

First, the Defendant alleges that there is no fiduciary relationship between the bank and Plaintiff. When arguing this issue, Defendant begins by stating that it is unclear whether Plaintiff brings this claim under Virginia or Maryland law. To provide clarity, Plaintiff states that the Complaint was initially filed with the NFCU Office in Virginia. However, Plaintiff received an Order notifying him that the Complaint was to be filed in Maryland. Hence, Plaintiff effected the Proof of Service in NFCU's Office located in Baltimore, Maryland. Just like in Defendant's Motion, Plaintiff has herein cited case the law from both Virginia and Maryland, to counter Defendant's cited authorities.

Under Virginia law, a fiduciary relationship exists where "special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 295 (Va. 2007). Fiduciary duties can arise either from a contractual provision or through a

common law duty. *Foreign Mission Bd. of Southern Baptist Convention v. Wade*, 409 S.E.2d 144, 148 (Va. 1991).

In this case, Plaintiff placed special confidence in Defendant, by opening a deposit account with the Defendant. Therefore, Defendant is duty bound to act in good faith and to consider the interests of Plaintiff, who had confidence in the Defendant.

Next, according to Maryland law, courts in Maryland have recognized a bank's fiduciary duties to its customers where the bank offers credit services to its customers." *Windesheim v. Larocca*, 116 A.3d 954, 969 (Md. 2015); *see also Polek v. J.P. Morgan Chase Bank, N.A.*, 36 A.3d 399, 418 (Md. 2012).

According to the information on Defendant's website, and Defendant's Corporate Fact Sheet, Defendant is a credit union that offers loans with affordable rates and manageable terms. The said information further provides that Defendant aims to build financial security by providing a safe place to deposit savings and earn dividends. It follows; offering credit facilities forms a major part of Defendant's operations. This fact automatically creates a fiduciary duty of the Defendant to all of its customers.

It follows; having established a fiduciary duty, Plaintiff went ahead to argue how said duty was breached. "To establish a claim for breach of a fiduciary duty, a plaintiff must establish three elements: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) subsequent damages attributable to the breach." *& T ex rel. Battaglia v. Knight*, 68 F.Supp.3d 579, 586 (E.D. Va. 2014).

First, Plaintiff has established the existence of a fiduciary duty. The duty was established when Plaintiff opened an account with the Defendant. Next, the Defendant breached the said duty when it restricted access to Plaintiff's checking account, without providing any explanation or

justification. Defendant was obligated to explain to the Plaintiff the reasons for the restriction of the access to the account. As a result of the restriction of access to his account, Plaintiff was harmed because he could not access the funds in the account.

Plaintiff therefore sufficiently alleges a claim for relief for breach of fiduciary duty.

### a. The Constitutional claim against Defendant is valid

Defendant argues that the 4th amendment does not apply to it because claims can only be asserted against government action, not private action. In response, Plaintiff asserts that the determination of whether government action exists "hinges on the weighing of a number of variables, principally the degree of government involvement, the offensiveness of the conduct, and the value of preserving a private sector free from the constitutional requirements applicable to government institutions." *Wahba v. New York University*, 492 F.2d 96, 102 (2d Cir.), 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974).

In the instant action, Defendant is an armed forces bank serving the Navy, Army, Marine Corps, Air Force, Space Force, Coast Guard, veterans, DoD & their families. It is chartered and regulated with the National Credit Union Administration ("NCUA") as a single-sponsor credit union, with its sponsor being the Department of Defense.

Plaintiff further asserts that the federal government sets by-laws for federal credit unions. Notably, the Federal Credit Union Bylaws are published pursuant to 5 U.S.C. 552(a)(1) and accompanying regulations. Besides, the NCUA, a federal agency, issues revisions or amendments of the Federal Credit Union Bylaws from time to time. Additionally, according to 12 CFR § 701.6, the NCUA Board is authorized to direct the payment of operating fees for federal credit unions. Therefore, the federal government is involved, directly or indirectly, in the running of Defendant's affairs.

In light of the foregoing, Plaintiff's constitutional claim against Defendant stands since the action of Defendant amounted to a government action. To establish a claim for violation of the 4th amendment rights, a Plaintiff needs to prove that there has been a constitutional violation of the Fourth Amendment rights by federal officials acting under the color of law. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

In the instant action, the Defendant restricted Plaintiff's access to his account, which action amounts to a seizure under the 4th amendment. As a result of the seizure, Plaintiff could not enjoy his possessory interest in his account.

It follows; Plaintiff sufficiently alleges a claim for relief for violation of his 4th amendment rights.

### a. Plaintiff validly states claims for violation of Sunshine Act

Defendant argues that Plaintiff's claims for violation of FOIA and the Sunshine Act are defeated because Defendant is not an agency. Plaintiff asserts that the FOIA applies to entities that are chartered by the federal government or are controlled by it. *See Ass'n of Cmty. Orgs. for Reform Now v. Barclay*, No. 3-89-409T, slip op. at 8 (N.D. Tex. June 9, 1989) (holding that federal home loan banks are agencies under FOIA).

Plaintiff has already established how the federal government involves itself in the Defendant's affairs. It follows; Defendant is obligated to disclose any information requested under the FOIA unless said information falls under the exemptions. Plaintiff asserts that Defendant violated the obligation to grant him access to the requested records. Besides, none of the requested information falls within the nine exemptions to release of information under FOIA.

It follows; Plaintiff sufficiently alleges a claim for violation of the FOIA.

## CONCLUSION

Plaintiff has raised sufficient facts to establish a valid case against all the Defendant. Plaintiff therefore asks the Court to deny the Defendant' Motion to Dismiss in its entirety and grant such other and further relief as is just and appropriate.

Respectfully submitted:

Dated: 02/26/2024

_____
HERBERT GUSTAVUS SOWE
Plaintiff, pro se
324 Fox Lair Drive
Reisterstown, Maryland 21136-6222
Phone: - 443-381-9311
Email: - Boltondelta@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Herbert Gustavus Sowe                      *

                                           *

v.                                         *        Case No. 1:23-cv-03281-SAG

Navy Federal Credit Union                  *

                                           *

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, a copy of Opposition to Defendant's Motion to Dismiss, Memorandum, & Affidavit which was electronically filed in this case on February 26, 2024, was mailed via first class mail, postage prepaid, to CSC-Lawyers Incorporporating Service Company 7 St Paul Street Suie 820 Baltimore, Maryland 21202. It was also Served Via a Process Server, i.e., Legal Papers, Inc Towson, Maryland.

02/26/2024

Date

Signature

Herbert GustavusSowe

Printed Name and Bar Number

324 Fox Lair Drive Reisterstown, MD 21136-6222

Address

Boltondelta@gmail.com

Email Address

443-381-9322

Telephone Number

N/A

Fax Number

CertificateofService (06/2016)