IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **HERBERT GUSTAVUS SOWE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NAVY FEDERAL CREDIT UNION,** )<br>)<br>Defendant. )<br>) | Case No.  1:23-cv-3281-SAG |

### REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

In its initial Memorandum in Support (Dkt. 8-1) of its Motion to Dismiss, Defendant Navy Federal Credit Union ("Navy Federal") demonstrated that Plaintiff's claims in Counts 2-5 should be dismissed. As discussed below, Plaintiff's Opposition (Dkt. 12) fails to adequately rebut those arguments. Consequently, each of those claims should be dismissed with prejudice.

A.   **The Breach of Fiduciary Duty Must Be Dismissed.**

In Count 2 of the Complaint, Plaintiff asserts that he had a fiduciary relationship with Navy Federal based on the fact that he opened a checking account and deposited money with the credit union. (*See* Dkt. 1, ¶¶ 9, 31.) In its initial Memorandum, Navy Federal cited several Virginia and Maryland cases for the principle that, under both state's laws, a financial institution does not have a fiduciary relationship with a customer simply because that customer deposited money with the institution. (*See* Dkt. 8-1 at 2-3 (citing *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 591 (D. Md. 2016); *Legore v. OneWest Bank, FSB*, 898 F. Supp. 2d 912, 918 (D. Md. 2012); *Deal's Adm'r v. Merchants & Mechanics Sav. Bank*, 120 Va. 297, 299 (1917); *Hughes v. Bank of Am.*, 2008 WL 857059, at *2 (W.D. Va. 2008).)

1

In his Opposition, Plaintiff does not address these on-point cases at all. Instead, with regard to Virginia law, Plaintiff simply cites the general principle that a "fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 207 (2007) (case involving a dispute between a home insurer and insured; not a financial institution and a depositor). But that statement does not answer the question at hand— which is whether a depositor has a fiduciary relationship with his financial institution. For over a hundred years it has been black letter law in Virginia that no fiduciary relationship exists in that circumstance. *See, e.g., Deal's Adm'r*, 120 Va. at 299; *Lattimore v. Brahmbatt*, 2022 WL 16914528, at *5 (W.D. Va. 2022); *McLean v. BB&T Bank Corp.*, 2020 WL 2744107, at *2 (E.D. Va. 2020); *Wynn v. Wachovia Bank, N.A.*, 2009 WL 1255464, at *4 (E.D. Va. 2009); *Hughes*, 2008 WL 857059 at *2. Plaintiff's suggestion to the contrary — that a fiduciary relationship exists between himself and Navy Federal under Virginia law — is wholly without merit.

With regard to Maryland law, as previously noted, a banking relationship is "not fiduciary, in nature, except under limited special circumstances." *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 591 (D. Md. 2016). The only recognized "special circumstances" occur when a customer <u>borrows</u> money from the financial institution and "the lender [bank] (1) took on any extra services on behalf of the borrowers other than furnishing money; (2) received a greater economic benefit from the transaction other than the normal mortgage; (3) exercised extensive control; or (4) was asked by the borrowers if there were any lien actions pending." *Id.* at n. 16.

Plaintiff has not pled in his Complaint that he borrowed any money from Navy Federal, let alone that he borrowed funds under circumstances sufficient to establish that he meets one of the

special circumstances identified above.[1]  Plaintiff has only pled that he is a depositor with Navy Federal.  (*See* Dkt. 1, ¶ 9.) Consequently, he cannot establish a fiduciary relationship with Navy Federal under Maryland law either.

Because Plaintiff did not have a fiduciary relationship with Navy Federal, his breach of fiduciary claim must be dismissed with prejudice.

**B.      Plaintiff's Fourth Amendment Claim Must Be Dismissed.**

In its initial Memorandum, Navy Federal noted that a claim under the Fourth Amendment of the U.S. Constitution could not be asserted against it because Navy Federal is a private actor and not a part of the government.  (*See* Dkt. 8-1 at 3-4.)  In his Opposition, Plaintiff argues that his claim should survive because: (i) Navy Federal's members primarily consist of members and veterans of the U.S. armed forces and their families; (ii) "Federal Credit Union Bylaws are published pursuant to 5 U.S.C. 552(a)(1)"; and (iii) "according to 12 CFR § 701.6, the NCUA Board is authorized to direct the payment of operating fees for federal credit unions." (Dkt. 12 at 5.)

However, none of these allegations renders Navy Federal part of the government or subject to the U.S. Constitution's constraints.  First, the fact that Navy Federal's members have some present or former connection to the armed forces does not make Navy Federal itself part of the government.  Nor does the fact that federal credit unions are regulated by the federal government make them subject to Constitutional constraints.

---

[1] In his Opposition, Plaintiff argues that because Navy Federal provides loans to other members of the credit union, "this fact automatically creates a fiduciary duty of the Defendant to all of its customers."  (Dkt. 12 at 4.)  This is not the law.  Considering that all banks and credit unions engage in lending activities, if Plaintiff's claimed rule were correct, every depositor in Maryland would have a fiduciary relationship with their bank.  This is obviously not consistent with the case law.  *See, e.g., Nix*, 200 F. Supp. 3d at 591.

If Plaintiff's argument was accepted, all federal credit unions would be subject to similar constitutional claims. However, as previously noted, courts have universally rejected constitutional claims against credit unions. *See, e.g., Nix*, 200 F. Supp. 3d at 588; *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994); *Smalls v. Woods*, 2008 WL 867754, at *3 (D.S.C. 2008); *Francis v. Ne. Cmty. Fed. Credit Union*, 2003 WL 22697267, at *1 (N.D. Cal. 2003); *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006). Plaintiff has not cited any contrary case law.

As an example, in *Nix*, a plaintiff brought claims under the Fourth and Fifth Amendments against NASA Federal Credit Union. 200 F. Supp. 3d at 588. Like Navy Federal, the members of NASA Federal Credit Union had a connection with a federal government agency (NASA) and the credit union was subject to the same federal regulations to which all credit unions are subject. In that case, Judge Messitte of this Court rejected the plaintiff's argument that the financial institution was a government actor because of the federal involvement in its regulation, and dismissed the claims, holding:

> [the plaintiff's] conclusion that [federal credit unions] are therefore subject to the manifold constraints of the Federal Constitution is wrong. Instead, multiple courts, including some district courts in the Fourth Circuit, have held that notwithstanding their governmental undergirding, <u>federal credit unions are private actors unbound by relevant constitutional restrictions</u>.

*Id.* (emphasis added).

The same conclusion is warranted here. Because Navy Federal is a private actor, Plaintiff's claim under the Fourth Amendment cannot stand and must be dismissed.

C. **Plaintiff's Freedom of Information Act and Sunshine Act Claims Must be Dismissed.**

As previously demonstrated, Plaintiff cannot state a claim under the Freedom of Information Act ("FOIA") (5 U.S.C. § 522) or Sunshine Act (5 U.S.C. § 522b) because Navy

4

Federal is not an "agency" as defined in those statutes given that credit unions are private non-profit corporations.  (*See* Dkt. 8-1 at 4-5); *see also Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006) ("A federal credit union—although perhaps misleading in use of the word 'federal'—is not a government agency, but rather is a private corporation or association.").

Beyond the statutory text, Navy Federal cited several cases that unambiguously and correctly held that federal credit unions are *not* covered by the FOIA or Sunshine statutes.  *See, e.g., Nix*, 200 F. Supp. 3d at 589 ("FOIA's definition of "agency" does not encompass federal credit unions."); *U.S. ex rel. Kwami v. Ragnow*, 2009 WL 6551430, at *2 (E.D. Va. 2009) ("Abdul–Bey's assertion of a remedy under 5 U.S.C. § 552 and his attempt to cast Chartway Federal Credit Union as a federal agency are untenable as federal credit unions are not federal agencies."); *Watson v. Neighbors Credit Union*, 2009 WL 161204, at *1 (E.D. Mo. 2009), *aff'd*, 351 F. App'x 150 (8th Cir. 2009).

In his Opposition, Plaintiff ignored the above cases and instead provides the following citation to the Court, "*Ass'n of Cmty. Orgs. for Reform Now v. Barclay*, No. 3-89-409T, slip op. at 8 (N.D. Tex. June 9, 1989) (holding that federal home loan banks are agencies under FOIA)." This cited opinion does not appear to be available on either Westlaw or on PACER, and Plaintiff, so far, has failed to respond to Counsel's request to provide a copy of the opinion.  In addition, as best as can be discerned, no other federal court has cited this opinion either.

Because *Reform Now* is unavailable for review, it is unclear if the case actually holds what Plaintiff claims in his brief.  However, even if Plaintiff has correctly described that case, a 30-year-old decision from the Northern District of Texas about federal home loan banks is not particularly relevant to the question of whether *federal credit unions* are agencies under FOIA.  The courts

who have dealt with this precise issue have uniformly found they are not. *E.g., Nix*, 200 F. Supp. 3d at 589.

Because Navy Federal is not an "agency" under FOIA, plaintiff cannot state claims under either the FOIA statute or the Sunshine Act. Consequently, those claims must be dismissed.

## **CONCLUSION**

For the reasons stated above, Plaintiff's second, third, fourth and fifth causes of actions must be dismissed with prejudice.

Dated: March 11, 2024                               Respectfully submitted,

  /s/ Micah E. Ticatch
Edward Lee Isler, Md. Fed. Bar No. 22332
Micah E. Ticatch, Md. Fed. Bar No. 21208
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Navy Federal Credit Union*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and serve a copy of the foregoing by first class mail upon the following:

>Herbert Gustavus Sowe
>324 Fox Lair Drive
>Reisterstown, MD 21136-6211
>
>*Pro se Plaintiff*

>          /s/ Micah E. Ticatch
>Micah E. Ticatch, Md. Fed. Bar No. 21208
>ISLER DARE, P.C.
>1945 Old Gallows Road. Suite 650
>Vienna, Virginia 22182
>Phone: (703) 748-2690
>Facsimile: (703) 748-2695
>mticatch@islerdare.com
>
>*Counsel for Defendant Navy Federal Credit Union*