IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **HERBERT GUSTAVUS SOWE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-3281 |
| **NAVY FEDERAL CREDIT UNION,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Herbert Gustavus Sowe, who is self-represented, filed this lawsuit in this Court against Navy Federal Credit Union ("Navy Federal"), where he maintains an account. ECF 1. Navy Federal has submitted a motion to dismiss four of Plaintiff's five claims, including the three federal claims premised on the United States Constitution and two federal statutes. ECF 8. Plaintiff filed an opposition, ECF 8, and Navy Federal filed a reply, ECF 14. This Court has reviewed the briefing and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the motion to dismiss will be GRANTED as to Plaintiff's three federal claims and this Court will decline to exercise supplemental jurisdiction over Plaintiff's two state law claims.

I.   **FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint. ECF 1. Plaintiff, a Maryland resident, maintains a checking account at Navy Federal, "a federally chartered credit union providing banking services to members of the U.S. military and their families." *Id.* ¶ 1. Plaintiff uses the account for his personal and business expenses. *Id.* ¶ 9. On September 16, 2023, he wrote to Navy Federal to assert "his right to access his funds and information in his checking account" and demand "that the defendant stop withholding or restricting his access to his account." *Id.* ¶ 11.

Following receipt of the letter, Navy Federal "continued to deny or limit the plaintiff's access to his funds and information in his checking account, without providing any explanation or justification." *Id.* ¶ 14.

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-CV-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se

litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.  ANALYSIS

Plaintiff's Complaint includes three claims presenting federal questions and two state common law claims for breach of contract and breach of fiduciary duty. This Court turns first to the federal claims.

In Count Three, Plaintiff alleges that the seizure of his checking account violates the Fourth Amendment of the United States Constitution. But the Constitution regulates government action, not the actions of private entities. *Nix v. NASA Fed. Credit Union,* 200 F. Supp. 3d 578, 588 (D. Md. 2016). Federal credit unions are not government agencies or actors. *See, e.g., id.* ("[F]ederal credit unions are private actors unbound by relevant constitutional restrictions."); *Anderson v. Wiggins,* 460 F. Supp. 2d 1, 7 (D.D.C. 2006) ("A federal credit union—although perhaps misleading in use of the word 'federal'—is not a government agency, but rather is a private corporation or association."); *Francis v. Ne. Cmty. Fed. Credit Union, Civ. No. 03-CV-4899*, 2003 WL 22697267, at *1 (N.D. Cal. 2003) (holding that although the defendant credit union "has the word 'federal' in its name, it is not part of the federal government. The Court takes judicial notice that it is a private non-profit, member-owned, federally insured, community development credit

3

union."). Plaintiff's argument that Navy Federal is regulated by the National Credit Union Administration ("NCUA") and thus federal government-controlled is also unavailing. *See Jesinger v. Nev. Fed. Credit Union,* 24 F.3d 1127, 1132 (9th Cir. 1994) ("We therefore conclude that 'the slight degree of government involvement in the business of federal credit unions does not warrant applying Constitutional requirements to these democratically controlled, non[-]profit cooperatives.'"). As one court explained:

> Several courts have found that credit unions are not state actors. *Francis v. Northeast Cmty. Fed. Credit Union*, No. 03-4899, 2003 WL 22697267, 2003 U.S. Dist. LEXIS 20342 (N.D. Cal. 2003); *Hauschild v. Nielsen*, 325 F. Supp. 2d 995 (D. Neb. 2004); *Heiskala v. Johnson Space Ctr. Fed. Credit Union*, 474 F. Supp. 448 (S.D. Tex. 1979). While governments may regulate credit unions, "regulation alone is not enough to make a private entity and a government agency interdependent." *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994). Also, although a credit union may have "the word 'federal' in its name, it is not part of the federal government. The fact that it is federally insured does not make it a government entity." *Francis*, 2003 WL 22697267, at *1, 2003 U.S. Dist. LEXIS 20342, at *3.

*Smith v. Delaware First Federal Credit Union,* 395 F. Supp. 2d 127, 130 (D. Del. 2005). Put simply, federal credit unions are not government entities amenable to suit for constitutional claims.

Similarly, federal credit unions do not constitute "agencies" for purposes of the two federal statutes that Plaintiff invokes in Counts Four and Five, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, and the Sunshine Act, 5 U.S.C. § 522b. FOIA applies only to "agencies," which are "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f). Navy Federal, like other federal credit unions, is a private cooperative association and does not fall within that definition. *See, e.g.*, *Nix,* 200 F. Supp. 3d at 589 ("FOIA's definition of 'agency' does not encompass federal credit unions."); *U.S. ex rel. Kwami v. Ragnow,* 2009 WL

4

6551430, at *2 (E.D. Va. 2009) ("[F]ederal credit unions are not federal agencies."); *Watson v. Neighbor's Credit Union,* No. 09-CV-00049, 2009 WL 161204, at *1 (E.D. Mo. Jan. 22, 2009) (finding that a credit union operating under a state and federal charter did not constitute an "agency" under FOIA), *aff'd*, 351 F. App'x 150 (8th Cir. 2009). Like Navy Federal, this Court has been unable to locate the only authority cited by Plaintiff ("*Ass'n of Cmty. Orgs. For Reform Now v. Barclay,* No. 3-89-409T, slip op. at 8 (N.D. Tex. June 9, 1989)"), which Plaintiff alleges related to federal home loan banks. The case does not appear on Westlaw or PACER. This Court is persuaded by the contrary case law cited by Navy Federal, which specifically addresses the status of federal credit unions.

For the same reasons, Plaintiff's claim under the Sunshine Act also must be dismissed. The Sunshine Act is even more restrictive, applying only to entities that qualify as agencies under FOIA and are also "headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President [of the United States] with the advice and consent of the Senate." 5 U.S.C. § 552b(a)(1). Navy Federal does not fall under either category. Thus, all three of Plaintiff's federal claims must be dismissed.

Plaintiff's remaining two claims arise under state law. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state law claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance

of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

After considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. This case is in its initial stages and only state law claims remain. The Complaint's allegations suggest no other basis for this Court's exercise of jurisdiction.[1] Thus, Plaintiff's breach of contract and breach of fiduciary duty claims will be dismissed without prejudice, leaving Plaintiff free to pursue those state law claims in state court.

## IV. CONCLUSION

For the reasons set forth above, Navy Federal's Motion to Dismiss, ECF 8, is granted as to the three federal claims asserted. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. This case will be closed. A separate Order follows.

Dated: March 29, 2024              /s/
                                    Stephanie A. Gallagher
                                    United States District Judge

---

[1] In a footnote, Navy Federal suggests the presence of diversity jurisdiction because Plaintiff resides in Maryland and Navy Federal is a citizen of Virginia. ECF 8-1 at 2 n.2. But such jurisdiction also requires an amount of controversy that exceeds $75,000. 28 U.S.C. § 1332. Here, the Complaint generally seeks "[c]ompensatory damages" and "[r]easonable attorney's fees," ECF 1 at 15, but does not specify any dollar amounts for those costs or for the balance of Plaintiff's checking account. This Court has previously held that "where 'a plaintiff's complaint does not allege a specific amount in damages, . . . the proponent of [diversity] jurisdiction must 'prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" *Joy Fam. Ltd. P'ship v. United Fin. Banking Companies, Inc.*, No. 12-CV-3741, 2013 WL 4647321, at *7 (D. Md. Aug. 28, 2013) (quoting *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509–10 (D. Md. 2002)). Navy Federal has not met this burden, and this Court cannot assume diversity jurisdiction based on the allegations filed the Complaint.